UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JEFF L. DIXON )
 )
v. ) NO. 2:07-CV-295
 ) *Greer/Inman*
GREENE COUNTY DET. CTR.; STEVE )
BURNS, Sheriff; NEIL MATTHEWS, )
Captain; and JERRY SCOTT, Ass't Adm'r )

## MEMORANDUM and ORDER

Jeff L. Dixon, a state prisoner housed in the Greene County Detention Center, brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983. Plaintiff is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a). The custodian of plaintiff's inmate trust account at the facility in which he is housed shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the

Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate trust accounts at the facility wherein plaintiff is confined.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

Plaintiff states his claim in its entirety as follows.

"Steve Burns Sheriff of Greene County Head Officer Neil Matthews Captain of Greene County Dentition [sic] Administrator

I am being held in Green [sic] County Detention Center As a state inmate, and have requested to be moved to a state facility where I can receive [sic] proper medical attention for my diabetic condition and dental problem which are not provided here at the dention [sic] center." (Compl. at ¶ IV).

A constitution violation results when prison officials are deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff, however, does not identify the person or defendant whom he is charging with failing to give him proper medical treatment for his diabetes and his unidentified dental problem. Absent information linking or connecting a specific defendant to the claimed inadequate medical attention, plaintiff's contentions are conclusory. Conclusory allegations, as are these, do not

---

[1] Send the payments to:
　　　　Clerk, USDC
　　　　220 West Depot Street, Suite 200
　　　　Greeneville, TN 37743

state a claim for relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Second, in *Bazzetta v. McGinnis,* 430 F.3d 795 (6th Cir. 2005), the Sixth Circuit recited the law regarding an inmate's transfer to another prison: "In fact, a prison inmate does not have a liberty interest in transfer from one prison to another 'for whatever reason or for no reason at all,' within the State or to another State, regardless of differing conditions in the prisons. *Id.* at 804 (quoting *Meachum v. Fano*, 427 U.S. 215, 228 (1976)). In light of the above, plaintiff's contention (by implication) that defendants have denied his request to be moved to a state prison does not implicate any federally-guaranteed right and, thus, it too fails to state a claim for relief under § 1983.

Therefore, this case will be **DISMISSED** for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Lastly, based on the reasoning in this memorandum and order, the Court **CERTIFIES** that any appeal taken from the decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

A separate order will enter.

   **ENTER**:

                s/J. RONNIE GREER
                UNITED STATES DISTRICT JUDGE